NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 6 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50076 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-01283-MMA-3 |
| v. | |
| IGNACIO REYES-YANEZ, AKA Freddy, AKA Nacho, AKA Jose Juan Valles, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted March 4, 2020**
Pasadena, California

Before: KLEINFELD and NGUYEN, Circuit Judges, and PAULEY,*** District Judge.

Ignacio Reyes-Yanez appeals his jury-trial conviction for conspiracy to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable William H. Pauley III, United States District Judge for the Southern District of New York, sitting by designation.

distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The government did not mischaracterize the presumption of innocence or its burden of proof at trial, and the district court did not err in overruling defense counsel's corresponding objection and request for a curative instruction. The government's statement that "the trial is about whether [the defendant]'s guilty or not" did not diminish the government's burden of proof, where government counsel, defense counsel, and the jury instructions alike repeatedly told the jury that the government had the burden to prove its case beyond a reasonable doubt. The government was not required to repeat this standard every time it referenced the jury's task. Nor was the government's statement inaccurate. *See Williams v. Florida*, 399 U.S. 78, 86–87 (1970) (explaining that the criminal jury trial "rel[ies] on a body of one's peers to determine guilt or innocence").

The government also did not misstate the law when it explained that no special presumption attaches to a criminal defendant's testimony, and the testimony of a defendant should be judged just like that of any other witness. The overarching presumption of innocence in criminal cases does not dictate that testifying criminal defendants enjoy any greater presumption of credibility than other witnesses. In addition, Reyes-Yanez construes too broadly the government's statement of law; the government did not imply that the presumption of innocence

2

falls away if a criminal defendant elects to testify on his own behalf.  And again, the court and counsel repeatedly instructed the jury that the defendant was to be presumed innocent.

2.  The district court did not plainly err in permitting the government to ask the defendant during cross-examination whether he was lying.  Although a witness may not be asked to opine on the credibility of *another* witness, *United States v. Geston*, 299 F.3d 1130, 1136–37 (9th Cir. 2002), there is no prohibition on questioning a witness about his own truthfulness.

**AFFIRMED.**